IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CV-00195-RLV
(5:06-CR-00022-RLV-CH-12)

| | |
|---|---|
| JONATHON TERRELL PATTERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on consideration of Respondent's motion to dismiss Petitioner's pro se motion to vacate, set aside or correct sentence, which he filed pursuant 28 U.S.C. § 2255. For the reasons stated herein, the Court finds that Respondent's motion to dismiss should be granted and Petitioner's § 2255 motion will be denied and dismissed.

## I. BACKGROUND

Petitioner and twenty-two co-defendants were indicted by the grand jury in this district with participating in a wide ranging, multi-year conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. Petitioner elected to plead not guilty and proceeded to trial with fellow co-defendant Thomas Isbell. Following a ten-day trial, Petitioner and Isbell were found guilty. Petitioner was sentenced to a term of 324-months' imprisonment and he appealed to the United States Court of Appeals for the Fourth Circuit.

Petitioner's conviction was upheld on appeal against challenges to the sufficiency of the evidence and limitations on the cross-examination of certain witnesses although Petitioner's sentence was vacated and his case was remanded for further explanation regarding the reasons

1

the particular sentence was imposed. See United States v. Patterson, 406 F. App'x 773 (4th Cir.) (unpublished), cert. denied, 131 S. Ct. 2893 (2011). On remand, Petitioner was sentenced to a term of 240-months' imprisonment and this collateral proceeding follows.

## II. DISCUSSION

### A. Ineffective assistance of counsel

The Sixth Amendment to the United States Constitution provides that all defendants charged with a crime have the right to the effective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial to the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . ." Id. at 689. A petitioner seeking post-conviction relief based on a claim of ineffective assistance of counsel bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id. A "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a

reviewing court need not consider the performance prong." <u>Fields</u>, 956 F.2d at 1297 (citing <u>Strickland</u>, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See <u>Sexton v. French</u>, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of <u>Strickland</u> if the 'result of the proceeding was fundamentally unfair or unreliable.'" <u>Id.</u> (quoting <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369 (1993)).

The test for ineffective assistance of appellate counsel is the same as it is for trial counsel. Specifically, "[i]n order to establish a claim that appellate counsel was ineffective for failing to pursue a claim of direct appeal, the applicant must normally demonstrate (1) that his counsel's representation fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) that there is a reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Bell v. Jarvis</u>, 236 F.3d 149, 164 (4th Cir. 2000) (en banc) (internal quotations and citations omitted). In addition, appellate counsel is entitled to a "presumption that he decided which issues were most likely to afford relief on appeal." <u>Pruett v. Thompson</u>, 996 F.2d 1560, 1568 (4th Cir. 1993); <u>see also</u> <u>Smith v. Robbins</u>, 528 U.S. 259, 288 (2000) (appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.") (citing <u>Jones v. Barnes</u>, 463 U.S. 745 (1983)).

    1.    Firearm Enhancement (Ground One)

Petitioner first argues in his § 2255 petition that his trial counsel was ineffective in failing to challenge the statements of witnesses which led to the application of a two-level firearm

3

enhancement pursuant § 2D1.1(b)(1) of the U.S. Sentencing Guidelines Manual (USSG) (2007). Specifically, Petitioner contends that any such statements related to his alleged firearm possession were made outside the applicable statute of limitations and therefore the firearm enhancement was erroneously applied. (5:12-CV-00195, Doc. No. 1 at 3; Doc. No. 1-1 at 6).

The indictment alleged that Petitioner and his co-defendants participated in a drug conspiracy that began in or about January 1993 and lasted until April 26, 2006, which is the date the indictment was filed. (5:06-CR-00022, Doc. No. 3: Indictment). After Petitioner was convicted, the U.S. Probation Office prepared a draft of a presentence report (PSR) and recommended that the two-level enhancement should apply because the trial evidence showed that Petitioner possessed a firearm during the course of the drug conspiracy. Petitioner objected to the application of the gun enhancement, but this objection was overruled and the two-level enhancement was applied after the Court found that the evidence presented at trial supported the enhancement.

Petitioner again challenged the two-level enhancement on appeal. The Court rejected his argument after noting that no less than three witnesses testified that Petitioner was in possession of a firearm while participating in the drug conspiracy. The Court observed that co-conspirator Carlos Gibbs provided testimony that Petitioner had a firearm in his vehicle during drug transactions; a former police officer with the Lenoir Police Department testified that Petitioner was found to be in possession of a firearm following a traffic stop in 1998 which led to the seizure of illegal drugs; and co-conspirator Samuel Davis testified that he supplied Petitioner with a gun in 1995 after Petitioner confided that he needed it for protection based on his conflict with other drug dealers. See Patterson, 406 F. App'x at 784.

Petitioner acknowledges at the very least that there was testimony that he was "seen" with a firearm in 1998, however he contends this testimony cannot support the two-level enhancement because the incident occurred over seven years prior to the filing of the indictment. Petitioner's argument fails to appreciate that the indictment clearly charged a conspiracy which spanned from 1993 until April 2006, thus there is no statute of limitation issue because the testimony regarding the 1998 incident – even if this were the only evidence – supports the enhancement. This argument will be denied.

Petitioner also contends that his counsel was ineffective because she failed to present a claim that Petitioner withdrew from the conspiracy. (5:12-CV-00195, Doc. No. 1-1 at 5). As Petitioner maintains, had she presented this defense prior to trial, the Government may have engaged in plea negotiations in an effort to resolve his case. Petitioner concedes here that he was participating in "drug activity" but that all such activity ceased in 1999, some seven years prior to the filing of the indictment. This argument again fails to appreciate that the indictment alleged Petitioner actively participated in a drug conspiracy which was alleged to have taken place between 1993 and 2006. Petitioner admitted his participation in drug activity up until at least 1999 and this of course clearly falls within the time span charged in the indictment. This argument will likewise be denied.

2. Prosecution's Failure to Disclose Evidence (Ground Two)

Here, Petitioner argues that his conviction is unconstitutional because the prosecution failed to disclose potentially exculpatory evidence, namely evidence relating to statements made by his co-defendants which he contends were induced as part of a plea deal that provided pending state charges would be dropped in exchange for their trial testimony. (5:12-CV-00195,

Doc. No. 1 at 3). Petitioner does not identify what statements were not disclosed or how these unidentified statements may have harmed his defense. In sum, Petitioner's blank assertion that he was prejudiced by this alleged omission by the prosecution fails to alert this court as to how he may be entitled to federal habeas relief and this claim will be denied.

        3.      Grounds Three and Four

Petitioner again challenges the application of the firearm enhancement whether on the basis of trial court error (Ground Three) or on the basis of sufficient evidence (Ground Four). (5:12-CV-00195, Doc. No. 1 at 4-5). As discussed herein, the Fourth Circuit expressly concluded that the evidence presented at trial supported the application of the two-level firearm enhancement thus these claims are barred in a subsequent collateral proceeding.

It is well-settled that issues that have been decided adversely to a petitioner on direct appeal may not be renewed in a collateral proceeding. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court."); United States v. Natelli, 553 F.2d 5, 7 (2d Cir. 1977) (holding that issues previously decided on direct appeal may not be recast in the form of a § 2255 motion). For the reasons stated, these claims will be denied.

        4.      Antique Firearms Exemption (Ground Five)

Petitioner renews his challenge to the application of the two-level firearm enhancement. (5:12-CV-00195, Doc. 1 at 5). For the reasons previously discussed, the Court finds that Petitioner is foreclosed from relitigating the application of the firearm enhancement and this claim will be overruled.

5. Failure to Request Supplemental PSR[1]

Next, Petitioner asserts that his appellate counsel was ineffective in failing to request that a supplemental PSR be prepared prior to his resentencing hearing; that he was not allowed to present new evidence or legal argument; and that he was not permitted to address the Court during his resentencing hearing. (5:12-CV-00195, Doc. No. 1-1 at 7). These arguments fail because they are clearly belied by the record.[2]

As the record makes plain, a supplemental PSR was in fact prepared and his resentencing counsel filed two sentencing memorandums and his counsel argued vigorously on his behalf during resentencing, even securing a significant reduction in his sentence based on intervening law,[3] and Petitioner did address the Court prior to the imposition of his amended sentence. (5:06-CR-00022, Doc. No. 952: Sealed Sentencing Memorandum; Doc. No. 954: Sealed Supplemental Sentencing Memorandum; Doc. No. 955: PSR (Supplement); Doc. No. 1027: Resentencing Tr. at 8-9).

In particular, counsel argued that Petitioner's prior North Carolina state drug convictions, for which he was sentenced to a term of less than one year in prison on each, no longer qualify as predicate offenses under 21 U.S.C. § 851, and he was therefore no longer subject to a mandatory

---

[1] This argument is only presented in the supporting memorandum.

[2] Petitioner argues that his resentencing counsel never allowed him to review the supplemental PSR – incidentally, a document that he contends does not exist. However, he fails to demonstrate how this alleged action prejudiced him and it is his obligation to establish a right to relief under Strickland.

[3] Petitioner's Guidelines range on remand was calculated at 262-327 months' imprisonment based on a total offense level of 34 and a criminal history category VI. As the Supplemental PSR noted, with the change in law following the en banc Simmons decision, Petitioner was no longer subject to a mandatory minimum of 240-months' imprisonment and his mandatory minimum was reduced to no less than 10 years and not more than life.

Petitioner's counsel also argued that changes in the Guidelines should lead to a new calculation of his Guidelines range. See (Sealed Supplemental Sentencing Memorandum at 3 (citing Sentencing Amendment 742 which became effective on November 1, 2010)).

7

minimum term of 240-months' imprisonment. Petitioner's counsel cited the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In Simmons, the Court held that in order for an offense to qualify for sentencing enhancement the individual defendant before the sentencing court must have qualified for a sentence in excess of one year. In so holding, the Court expressly overruled United States v. Harp, 406 F.3d 242, 246 (2005), which provided that in order to determine whether a North Carolina state offense qualified a defendant for sentence in excess of one year, the sentencing court could consider another defendant with the worst possible criminal record. Id. at 246.

Petitioner has failed to demonstrate that he was prejudiced by his counsel's alleged conduct nor can he meet his burden of demonstrating ineffective assistance as the bulk of his arguments are clearly erroneous as they rely on blatant distortions of the record. For the reasons stated, these claims for relief will be denied.

B.   Alleyne (Motion to Amend)

In his motion to amend his § 2255 petition, Petitioner argues that he is entitled to relief based on the Supreme Court's holding in Alleyne v. United States, 133 S. Ct. 2151 (2013).

In Alleyne, the defendant was charged with robbery affecting interstate commerce, among other offenses, in violation of 18 U.S.C. 1951(a), and using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).[4] The jury later convicted Alleyne of the charged offenses. The probation officer prepared a PSR in advance of Alleyne's sentencing hearing and therein recommended a seven-year sentence based on a finding that he brandished the firearm during the robbery. Defendant objected on the ground that the jury

---

[4] Section 924(c)(1)(A) provides for a term of five years upon conviction which may be increased to seven years if the defendant brandished the firearm during the underlying offense, and increased to ten years if the firearm was discharged during the commission of the offense.

verdict form made it plain that they did not find beyond a reasonable doubt that he brandished the firearm during a crime of violence. The sentencing court overruled Petitioner's objection after concluding that whether he brandished the firearm was a question of fact to be resolved by the court in determining the applicable sentencing factors, citing Harris v. United States, 536 U.S. 545 (2002).

In Harris, the Court held that there was no Sixth Amendment violation of a right to a jury trial when a sentencing court found facts that increased the defendant's mandatory minimum sentence for a crime. Alleyne, 133 S. Ct. at 2155. In overruling Harris, the Alleyne Court found that the Sixth Amendment right to a jury trial was violated because "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Id.

Petitioner's argument here is misplaced as he was not charged with a § 924(c)(1)(A) offense thus he was not subject to a mandatory minimum statutory sentence. Rather, Petitioner's two-level firearm enhancement only served to increase his Guidelines range and the application of the sentencing guidelines is a question of fact to be resolved by the sentencing court and not the jury. Moreover, even if Alleyne were relevant to Petitioner's case, as countless courts have noted, the Alleyne holding has not been made retroactive to cases on collateral review. See Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285-86 (11th Cir. 2014) (citing In re Kemper 735 F.3d 211, 212 (5th Cir. 2013); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2014). See also United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (per curiam) (unpublished) (noting that Alleyne has not be made retroactive to cases on collateral review.

9

For the foregoing reasons, this claim for relief will be denied.

III.     CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 motion fails to state any claim upon which relief may be granted and the Government's motion to dismiss will therefore be granted.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's motion to amend is **GRANTED**. (Doc. No. 6).

2. The Government's motion to dismiss is **GRANTED**. (Doc. No. 13).

3. Petitioner's § 2255 motion is **DENIED** and **DISMISSED as amended with prejudice**. (Doc. No. 1).

4. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: January 14, 2015

Richard L. Voorhees
United States District Judge